**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>IBIZ TECHNOLOGY CORP., KENNETH W. SCHILLING, H. MARK PERKINS, JEFFREY S. FIRESTONE, D. SCOTT ELLIOTT, AND JERROLD B. MCROBERTS,<br><br>            Defendants. | CV 06-502-PHX-JAT<br><br>**ORDER** |

      The Court has considered Plaintiff Securities and Exchange Commission's ("SEC") motion for entry of a default judgment against defendant Jeffrey S. Firestone pursuant to Fed. R. Civ. P. 55 (b) (2) (Doc. #33) and makes the following findings.

      1.     This case was commenced on February 16, 2006 by the SEC filing a summons and complaint against Firestone and others.

      2.     The Court finds that Firestone was served with the summons and complaint on March 2, 2006 when the pleadings were delivered to his dwelling place or usual place of abode in Florida by leaving a copy with his mother, Bernice Firestone, a person a suitable age then residing there.

3.	The Court finds that Firestone has not answered the complaint or filed any other responsive pleading in this matter and the time for the defendant to answer has expired.  Firestone is therefore in default.

4.	The Court considers the well-pleaded allegations of the complaint as admitted for the purposes of entry of this default judgment.  Based on the allegations in the complaint and the affidavit submitted in support of the SEC's motion for entry of default judgment, the Court finds that Firestone violated the securities registration provisions of 5 U.S.C. § 77e by directly or indirectly offering or selling 96,791,178 shares of iBIZ Technology Corporation when no registration statement was in effect for those securities and that he used the means of interstate commerce in connection with the offer or sale.

5.	The Court finds that there is a reasonable likelihood that Firestone may engage in future violations of the securities registration provisions.  Firestone's occupation as a stock promoter creates the opportunity for him to engage in future violations of the registration provisions.  His violations were recurrent over a year's period and involved three separate transactions which were not registered.  He did not cooperate in the SEC's investigation, has not acknowledged the wrongful nature of his conduct, and has made no assurances against future violations.  Although the SEC is not required for a registration violation to prove that Firestone acted with scienter, the amount of planning involved in these sales, the pattern of transactions which continued for over a year, the recurrent violations involving three separate issuance of stock, and the transfer of part of the sales proceeds to the company, all support a finding that he deliberately or recklessly violated the registration provisions.  The defendant obtained substantial profits of $2,018,685 as a result of his conduct.

Accordingly,

IT IS ORDERED GRANTING the SEC's Motion for Default Judgment Against Firestone (Doc. #33).

AND, the Court finding no just reason for delay, IT IS FURTHER ORDERED GRANTING final judgment for the Securities and Exchange Commission and against Defendant Jeffrey S. Firestone pursuant to Rule 54(b) as follows:

A.   That Defendant Jeffrey S. Firestone and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

1) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

2) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

3) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

B.   That Defendant Jeffrey S. Firestone is liable for disgorgement of $2,018,685 representing ill-gotten gains as a result of the conduct alleged in the complaint, plus prejudgment interest thereon from July 1, 2004 to the date of this Order at the IRS rate of interest on tax underpayments found in 26 C.F.R. §301.6621, plus

post-judgment interest from the date of this Order until satisfaction at the rate provided in 28 U.S.C. §1961(a) .  Defendant shall satisfy this obligation by paying the amount of the disgorgement and interest within ten business days to the Clerk of this Court, together with a cover letter identifying Jeffrey S. Firestone as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Default Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Clerk of the Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.

   C. That Defendant Jeffrey S. Firestone shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act, 5 U.S.C. §77t (d). Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Spiga Ltd. as a

defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

  D. That this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

  Dated this 5th day of June, 2008.

_____
James A. Teilborg
United States District Judge