**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Securities and Exchange Commission, ) | No. 06-502-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| iBIZ Technology Corp., et al. ) |  |
| Defendants. ) |  |

The Plaintiff has filed a Motion to Correct Order (Doc. #98) to make two changes to the Court's earlier Order at docket number 97 ruling on the motion for default judgment against Defendant Jeffrey Firestone. First, in its proposed order that accompanied the motion for default judgment, Plaintiff identified the party who should send a letter to the SEC along with civil penalties as "Spiga Ltd." instead of Jeffrey Firestone. Because the Court adopted most of Plaintiff's proposed order, the Court's earlier Order also contains the name "Spiga" instead of Firestone.

Second, the Plaintiff's proposed order requested a specific amount of pre-judgment interest that did not include any interest from July 2006 to the date of the Court's Order. The Court therefore ordered pre-judgment interest at a specific rate for the entire time period leading up to the Court's Order, but did not order a specific monetary amount. Plaintiff has now performed the required calculations and provided a specific amount of requested pre-judgment interest. Plaintiff would like the Court to amend its earlier Order to include this

1  specific amount.

2  The Court will grant Plaintiff's motion to correct the typographical error in Plaintiff's
3  submission to the Court and to include a specific amount of pre-judgment interest.

4  Accordingly,

5  IT IS ORDERED GRANTING Plaintiff's Motion to Correct Order (Doc. #98).

6  IT IS FURTHER ORDER vacating the Court's earlier Order at docket number 97 and
7  replacing it with the following Amended Order:

8  The Court has considered the Plaintiff Securities and Exchange Commission's
9  ("SEC") request for entry of a default judgment against defendant Jeffrey S. Firestone
10 pursuant to Fed. R. Civ. P. 55 (b) (2) (Doc. #33) and makes the following findings.

11 1.     This case was commenced on February 16, 2006 by the SEC filing a summons
12 and complaint against Firestone and others.

13 2.     The Court finds that Firestone was served with the summons and complaint on
14 March 2, 2006 when the pleadings were delivered to his dwelling place or usual place of
15 abode in Florida by leaving a copy with his mother, Bernice Firestone, a person of suitable
16 age then residing there.

17 3.     The Court finds that Firestone has not answered the complaint or filed any
18 other responsive pleading in this matter and the time for the defendant to answer has expired.
19 Firestone is therefore in default.

20 4.     The Court considers the well-pleaded allegations of the complaint as admitted
21 for the purposes of entry of this default judgment. Based on the allegations in the complaint
22 and the affidavit submitted in support of the SEC's motion for entry or default judgment, the
23 Court finds that Firestone violated the securities registration provisions of 5 U.S.C. § 77e by
24 directly or indirectly offering or selling 96,791,178 shares of iBIZ Technology Corporation
25 when no registration statement was in effect for those securities and that he used the means
26 of interstate commerce in connection with the offer or sale.

27 5.     Also, taking the allegations in the complaint as admitted, the Court finds that
28 there is a reasonable likelihood that Firestone may engage in future violations of the

securities registration provisions. Firestone's occupation as a stock promoter creates the opportunity for him to engage in future violations of the registration provisions. His violations were recurrent over a year's period and involved three separate transactions which were not registered. He did not cooperate in the SEC's investigation, has not acknowledged the wrongful nature of his conduct, and has made no assurances against future violations. Although the SEC is not required for a registration violation to prove that Firestone acted with scienter, the amount of planning involved in these sales, the pattern of transactions which continued for over a year, the recurrent violations involving three separate issuances of stock, and the transfer of part of the sales proceeds to the company, all support a finding that he deliberately or recklessly violated the registration provisions. The defendant obtained substantial profits of $2,018,685 as a result of his conduct.

Accordingly,

IT IS ORDERED GRANTING the SEC's Motion for Default Judgment Against Firestone (Doc. #33).

AND, the Court finding no just reason for delay, IT IS FURTHER ORDERED GRANTING final judgment for the Securities and Exchange Commission and against Defendant Jeffrey S. Firestone pursuant to Rule 54(b) as follows:

A.   That Defendant Jeffrey S. Firestone and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Default Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    1)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    2)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

1 instruments of transportation, any such security for the purpose of sale or for delivery after
2 sale; or

3       3) Making use of any means or instruments of transportation or
4 communication in interstate commerce or of the mails to offer to sell or offer to buy through
5 the use or medium of any prospectus or otherwise any security, unless a registration
6 statement has been filed with the Commission as to such security, or while the registration
7 statement is the subject of a refusal order or stop order or (prior to the effective date of the
8 registration statement) any public proceeding of examination under Section 8 of the
9 Securities Act, 15 U.S.C. § 77h.

10       B. That Defendant Jeffrey S. Firestone is liable for disgorgement of $2,018,685
11 representing ill-gotten gains as a result of the conduct alleged in the complaint, plus
12 prejudgment interest of $608,710.36 thereon from July 1, 2004 to the date of this Order,
13 which represents the IRS rate of interest on tax underpayments found in 26 C.F.R.
14 §301.6621, plus post-judgment interest from the date of this Order until satisfaction at the
15 rate provided in 28 U.S. C. § 1961(a). Defendant shall satisfy this obligation by paying the
16 amount of disgorgement and interest within ten business days to the Clerk of this Court,
17 together with a cover letter identifying Jeffrey S. Firestone as a defendant in this action;
18 setting forth the title and civil action number of this action and the name of this Court; and
19 specifying that payment is made pursuant to this Default Judgment.  Defendant shall
20 simultaneously transmit photocopies of such payment and letter to the Commission's counsel
21 in this action. By making this payment, Defendant relinquishes all legal and equitable right,
22 title, and interest in such funds and no part of the funds shall be returned to Defendant. The
23 Clerk shall deposit the funds into an interest bearing account with the Court Registry
24 Investment System ("CRIS") or any other type of interest bearing account that is utilized by
25 the Court. These funds, together with any interest and income earned thereon (collectively,
26 the "Fund"), shall be held in the interest bearing account until further order of the Court. In
27 accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the
28 Administrative Office of the United States Courts, the Clerk is directed, without further order

1  of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten
2  percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the
3  Judicial Conference of the United States.  The Commission may propose a plan to distribute
4  the Fund subject to the Court's approval.

5        C.      That Defendant Jeffrey S. Firestone shall pay a civil penalty in the amount of
6  $120,000 pursuant to Section 20(d) of the Securities Act, 5 U.S.C. §77t (d).  Defendant shall
7  make this payment within ten (10) business days after entry of this Final Judgment by
8  certified check, bank cashier's check, or United States postal money order payable to the
9  Securities and Exchange Commission.  The payment shall be delivered or mailed to the
10 Office of Financial Management, Securities and Exchange Commission, Operations Center,
11 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be
12 accompanied by a letter identifying Jeffrey S. Firestone as a defendant in this action; setting
13 forth the title and civil action number of this action and the name of this Court; and
14 specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay
15 post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

16       D.      That this Court shall retain jurisdiction of this matter for purposes of enforcing
17 the terms of this Final Judgment.

18 DATED this 9th day of June, 2008.

_____
James A. Teilborg
United States District Judge